Case 2:19-cv-05371-PSG-PLA  Document 1-2  Filed 06/19/19  Page 1 of 17  Page ID #:5
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Anthony Mohr
Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2019 11:20 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas, Deputy Clerk

**DORENFELDLAW, INC.**
30101 Agoura Ct., Suite 210
Agoura Hills, CA 91301
Telephone: (818) 876-8600
Facsimile: (818) 876-8484
DAVID K. DORENFELD, SBN 145056
MICHAEL W. BROWN, SBN 205380

Attorneys for Plaintiff CRUSADER INSURANCE COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| CRUSADER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BURLINGTON INSURANCE COMPANY, a business entity of unknown form; and DOES 1 through 25,<br><br>Defendants. | Case No. 19STCV13749<br><br>**COMPLAINT FOR DIRECT ACTION AGAINST INSURER BY JUDGMENT CREDITOR AND DECLARATORY RELIEF**<br><br>*[Insurance Code* § 11580 (b)(2)] |

COMES NOW PLAINTIFF CRUSADER INSURANCE COMPANY (hereinafter referred to as "Plaintiff" or "Crusader") and hereby complain as follows:

### PRELIMINARY ALLEGATIONS

1. CRUSADER INSURANCE COMPANY is, and at all times relevant hereto was, an insurance carrier licensed to conduct business in the County of Los Angeles and the State of California.

2. At all relevant times, Crusader was the insurer of CC HLWD, LLC ("CC HLWD").

3. At all relevant times, CC HLWD owned, managed, and/or operated the Cabo Cantina, a restaurant/bar.

4. Plaintiff is informed and believes and upon such information and belief alleges Defendant Burlington Insurance Company ("Burlington") is, and at all times relevant hereto was, a

-1-

business entity of unknown form and an insurance carrier licensed to conduct business in the County of Los Angeles and the State of California.

5. At all relevant times, including but not limited to on July 22, 2015, Burlington was the insurer for Global Protection Group, Inc. ("Global").

## FIRST CAUSE OF ACTION

### (DIRECT ACTION BY JUDGMENT CREDITOR AGAINST INSURER)

### (Against All Defendants)

6. Plaintiff repeats, repleads, and incorporate herein by reference each and all of the allegations previously set forth in this Complaint.

7. On August 13, 2015, Shawn Dearing ("Dearing") filed an action against numerous Defendants, including CC HLWD, LLC, and Global, in Los Angeles County Superior Court, Case No. BC591198.

8. In the Dearing Complaint, the Plaintiff alleged that on July 22, 2015, he was injured while at the Cabo Cantina.

9. On November 3, 2015, CC HLWD filed a Cross-Complaint against Global for: (1) indemnity; (2) partial indemnity and contribution; (3) declaratory relief; (4) express indemnity; and (5) breach of contract.

10. Dearing's case against, *inter alia*, CC HLWD, was tried to a jury. On July 26, 2017, the jury reached a verdict and determined that security guard Michael Bowman was 58 % responsible for causing Plaintiff's injuries. The only other party who bore any responsibility for the acts and injuries in question was the Plaintiff himself, who bore 42%. Judgment was accordingly entered in favor of Plaintiff CC HLWD in the amount of $5,886.775.40 (inclusive of costs). Judgment on the Special Verdict and Default Judgment [as to Global on the Complaint only] ("Judgment on Special Verdict") was entered on August 10, 2017. A true and correct copy of the Judgment on Special Verdict is attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth.

11. Crusader satisfied the Judgment.

12. In addition, Global was also held liable to CC HLWD on the Cross-Complaint. Specifically, on April 23, 2018, the Hon. Mary Ann Murphy entered a Court Judgment by Default on Cross-Complaint Following April 12, 2018 Hearing ("Court Judgment"). The Court entered Judgment in favor of CC HLWD, LLC and against Global Protection Group, Inc. in the amount of $6,480,012.11, which figure included: (a) $5,886,775.40 original judgment; (b) $275,657.14 interest; (c) $290,000.00 in attorney's fees; and (d) $47,597.57 in costs. A true and correct copy of the Notice of Entry of Judgment (which includes the executed Court Judgment as an Exhibit) is attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth.

13. Pursuant to *Insurance Code* § 11580 (b)(2), the Burlington Policy provides that whenever Judgment is secured against its insured, the insured's executor or the insured's administrator in an action based on bodily injury, death, or property damage, an action may be brought directly against the insurer on the policy by the Judgment Creditor to recover on the Judgment.

14. Pursuant to the terms of its insurance policy with CC HLWD, CC HLWD has assigned all rights of subrogation (including but not limited to the rights to bring the instant lawsuit) to Crusader.

15. Pursuant to the terms of *Insurance Code* § 11580 (b)(2), the Judgment on Special Verdict and the Court Judgment, Burlington is liable to Crusader on the Judgment arising from the Cross-Complaint.

///

///

///

-3-

COMPLAINT FOR DIRECT ACTION AGAINST INSURER BY JUDGMENT CREDITOR AND DECLARATORY RELIEF

## SECOND CAUSE OF ACTION

## (DECLARATORY RELIEF)

### (Against All Defendants)

16. Plaintiff repeats, repleads, and incorporate herein by reference each and all of the allegations previously set forth in this Complaint.

17. At all relevant times, Burlington was required to provide insurance coverage and defense of Global.

18. Crusader satisfied the Judgment.

19. An actual controversy has arisen and now exists between Plaintiff on the one hand and Defendants on the other, concerning the respective rights and duties of each, in that it is the contention of Plaintiff that Burlington is obligated to satisfy the Judgment on the Cross-Complaint and it is the contention of Burlington that it has no such obligation.

20. Declaratory relief is necessary and appropriate at this time in order to avoid multiplicity of suits and circuitry of actions and in order that Plaintiff can ascertain their rights and duties.

21. Plaintiff has no other existing, speedy, adequate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Burlington and Does 1-25, and each of them, as follows:

1. For Judgment in the amount of $6,480,012.11, plus additional interest, attorney's fees, and costs which have accrued since the date of the Court Judgment;

2. For a determination of the obligations, rights and duties of Crusader and Burlintgon, respectively;

3. For costs of suit incurred herein; and

///

-4-

COMPLAINT FOR DIRECT ACTION AGAINST INSURER BY JUDGMENT CREDITOR AND DECLARATORY RELIEF

4. For such other and further relief as the Court deems just and proper.

DATED: April 5, 2019                    Dorenfeldlaw, Inc.

By: _____
DAVID K. DORENFELD
MICHAEL W. BROWN
Attorneys for Plaintiff CRUSADER INSURANCE

# EXHIBIT "A"

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF LOS ANGELES

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 10 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Bradley English

SHAWN DEARING,

    Plaintiff,

v.

CABO CANTINA, a business entity unknown, SUNSET RESTAURANT MANAGEMENT GROUP, a business entity unknown, CC HLWD, LLC; and DOES 1 through 100, Inclusive,

    Defendants.

AND ALL RELATED CROSS-ACTIONS

Case No.: BC591198

JUDGEMENT ON SPECIAL VERDICT AND DEFAULT JUDGEMENT

    This action came on regularly for trial on July 7, 2017, in Department 25 of the Central District, Los Angeles Superior Court, the Honorable Mary Ann Murphy, Judge Presiding; the Plaintiff SHAWN DEARING appearing by attorney Robert Mansell and Amanda Derby of Mansell & Mansell, APC; and the Defendants, RMG SUNSET, INC. and CC HLWD, LLC dba Cabo Cantina appearing by attorneys Samuel Wyman and Richard Hatem of Wolfe & Wyman. There were no other appearances made. Plaintiff SHAWN DEARING and Defendants RMG SUNSET, INC. and CC HLWD, LLC stipulated that Security Guard Michael Bowman and Security Guard Dennis Anderson were the agents of Defendants RMG SUNSET, INC. and CC HLWD, LLC and were acting within the course and scope of their agency at all pertinent times.

    A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified and exhibits introduced. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return

a special verdict. The jury deliberated and thereafter returned into the courtroom with its special verdict as follows:

> We, the jury in the above entitled action, find the following special verdict:
> We answer the questions submitted to us as follows:
>
> 1. Was Security Guard Michael Bowman negligent?
>    __X__ Yes _____ No
>    Was Security Guard Dennis Anderson negligent?
>    __X__ Yes _____ No

If you answer YES for any person in question 1, then answer question 2 for that person. If you answered NO for any person in question 1, insert the number zero next to that person's name in question 6. If you answered NO for all persons in question 1, stop here, answer no further questions, and have the presiding juror sign and date this form.

> 2. For each defendant or person that received "YES" answer in question 1, answer the following:
>
> Was the negligence of Security Guard Michael Bowman a substantial factor in causing harm to Plaintiff Shawn Dearing?
> __X__ Yes _____ No
>
> Was the negligence of Security Guard Dennis Anderson a substantial factor in causing harm to Plaintiff Shawn Dearing?
> _____ Yes __X__ No

If you answered YES for any person(s) in question 2, then answer question 3. If you answered NO for any person(s) in question 2, insert the number zero next to that person's name in question 6. If you did not answer YES for any person in question 2, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. What are Plaintiff Shawn Dearing's total damages? Do not reduce the damages based on the fault, if any, of Plaintiff Shawn Dearing or others.

    a. Past economic loss
        Past medical expenses         $57,201.09 (Stipulated amount)

    b. Future economic loss
        Future medical care         $ 412,196.12

    c. Past noneconomic loss, including
        physical pain/mental suffering:         $ 350,000.00

    d. Future non-economic loss, including
        Physical pain/mental suffering:         $ 8,435,000.00

        TOTAL         $ 9,254,397.21

Answer question 4.

4. Was Plaintiff Shawn Dearing negligent?
    __X__ Yes _____ No

If your answer to question 4 is YES, then answer question 5. If you answered NO, insert the number zero next to Shawn Dearing's name in question 6, skip question 5, and answer question 6.

5. Was Plaintiff Shawn Dearing's negligence a substantial factor in causing his harm?
    __X__ Yes _____ No

3

JUDGMENT ON SPECIAL VERDICT AND DEFAULT JUDGEMENT

If your answer to question 5 is YES, then answer question 6. If you answered NO, insert the number zero next to Shawn Dearing's name in question 6.

6. What percentage of responsibility for Plaintiff Shawn Dearing's harm do you assign to the following? Insert a percentage for only those who received "yes" answers in questions 2 and 5:

Security Guard Michael Bowman:     __58__%

Security Guard Dennis Anderson:     __0__%

Plaintiff Shawn Dearing:     __42__%

          **MUST TOTAL**     **100%**

Dated: July 26, 2017     /s/ Hannah Higerd, Presiding Juror

It appearing by reason of said special verdict that Plaintiff SHAWN DEARING is entitled to judgment against Defendants RMG SUNSET, INC. and CC HLWD, LLC., jointly and severally in the amount of $5,367,550.38, plus costs in the amount of $499,225.02, for a total judgment of $5,866,775.40.

On July 27, 2017, subsequent to the return of the special verdict by the jury, the Default Prove-Up against Defendant GLOBAL PROTECTION GROUP, INC., came on for hearing. Robert Mansell of Mansell & Mansell, APC appeared for Plaintiff SHAWN DEARING. There were no other appearances. The Court considered the evidence of the trial and further considered other exhibits which had not been included in the trial. After considering the evidence, the Court ruled in favor of Plaintiff SHAWN DEARING against Defendant GLOBAL PROTECTION

GROUP, INC. on the second cause of action for negligence and awarded Plaintiff SHAWN DEARING $1,000,000.00 for non-economic damages and $512,639.19 for economic damages, for a total of $1,512,639.19 against GLOBAL PROTECTION GROUP, INC. consistent with the Statement of Damages served on GLOBAL PROTECTION GROUP, INC. on or about October 8, 2015.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Plaintiff SHAWN DEARING and against Defendants RMG SUNSET, INC. and CC HLWD, LLC, jointly and severally, in the amount of $5,367,550.38, plus costs in the amount of $499,225.02, for a total judgment of $5,866,775.40. FUTHER, IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Plaintiff SHAWN DEARING and against Defendant GLOBAL PROTECTION GROUP, INC., jointly and severally with all defendants in the amount of $1,512,639.19.

DATED: August ____, 2017

AUG 1 0 2017

*Mary Ann Murphy* (signature)

MARY ANN MURPHY
Judge of the Superior Court

JUDGMENT ON SPECIAL VERDICT AND DEFAULT JUDGEMENT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES) ss.

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1645 N. Vine Street, Suite 306, Los Angeles, CA 90028-8805.

On August 10, 2017, I served the foregoing document described as JUDGEMENT ON SPECIAL VERDICT AND DEFAULT JUDGEMENT on the interested party or parties in this action by placing an original or a true copy thereof enclosed in a sealed envelope addressed as follows:

Sam Wyman, Esq.
Richard Hatem, Esq.
Wolfe & Wyman LLP
550 S. Hope Street, Suite 2550
Los Angeles, CA 90071

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Executed on August 10, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Sherri Rangel*

# EXHIBIT "B"

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David K. Dorenfeld, SBN 145056<br>DorenfeldLaw, Inc.<br>30101 Agoura Court, Suite 210<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: (818) 865-4000  FAX NO. (Optional): (818) 865-4010<br>E-MAIL ADDRESS (Optional): david@dorenfeldlaw.com<br>ATTORNEY FOR (Name): Cross-Complainant CC HLWD, LLC | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 01 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Raul Sanchez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: SHAWN DEARING
DEFENDANT/RESPONDENT: CABO CANTINA

| NOTICE OF ENTRY OF JUDGMENT OR ORDER | CASE NUMBER:<br>BC591198 |
|---|---|
| (Check one): ☑ UNLIMITED CASE (Amount demanded exceeded $25,000)  ☐ LIMITED CASE (Amount demanded was $25,000 or less) | |

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on (date): 4/23/2018

2. A copy of the judgment, decree, or order is attached to this notice.

Date: April 30, 2018

David K. Dorenfeld
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

| PLAINTIFF/PETITIONER: SHAWN DEARING | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CABO CANTINA | BC591198 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF ENTRY OF JUDGMENT OR ORDER

(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)

1. I am at least 18 years old and **not a party to this action**. I am a resident of or employed in the county where the mailing took place, and my residence or business address is (specify):

    30101 Agoura Court, Suite 210
    Agoura Hills, CA 91301

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and (check one):

    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
    a. on (date): 4/30/2018
    b. from (city and state): Agoura Hills, CA

4. The envelope was addressed and mailed as follows:

    a. Name of person served:
       Robert Mansell
       Street address: 1645 Vine St
       City: Los Angeles
       State and zip code: CA 90028

    b. Name of person served:
       Global Protection Group, Inc.
       Street address: 420 McKinley St., Suite 111-497
       City: Corona
       State and zip code: CA 92879

    c. Name of person served:
       Global Protection Group, Inc.
       Street address: 15604 7th St.
       City: Victorville
       State and zip code: CA 92395

    d. Name of person served:
       Street address:
       City:
       State and zip code:

    ☐ Names and addresses of additional persons served are attached. (You may use form POS-030(P).)

5. Number of pages attached ___2___.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 30, 2018

Stacey Elliott                                              ▶ [signature]
(TYPE OR PRINT NAME OF DECLARANT)                           (SIGNATURE OF DECLARANT)

RECEIVED
APR 20 2018

FILED
Superior Court of California
County of Los Angeles

APR 23 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Bradley English

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| SHAWN DEARING<br><br>Plaintiff,<br><br>vs.<br><br>CABO CANTINA, a business entity unknown; SUNSET RESTAURANT MANAGEMENT GROUP, a business entity unknown; CC HLWD, LLC; and DOES 1 through 100PROMENADE APARTMENTS AT TOWN CENTER,<br><br>Defendants. | Case No.: BC591198<br><br>Hon. Mary Ann Murphy, Dept. 25<br><br>[PROPOSED] COURT JUDGMENT BY DEFAULT ON CROSS-COMPLAINT FOLLOWING APRIL 12, 2018 HEARING |
| CABO CANTINA, a business entity unknown; SUNSET RESTAURANT MANAGEMENT GROUP, a business entity unknown and CC HLWD, LLC<br><br>Cross-Complainants,<br><br>vs.<br><br>GLOBAL PROTECTION GROUP, INC., A business entity form unknown and ROES 1-50, inclusive,<br><br>Cross-Defendants. | |

///

-1-

1  The Court has reviewed and considered the Application of Cross-Complainant CC HLWD, LLC for an Entry of Default Judgment against Cross-Defendant Global Production Group, Inc. (including but not limited to the Declarations of Michael W. Brown and Amy Adolph, respectively, contained therein, along with the separate but concurrently-filed Declarations of Michael W. Brown and Richard C. Hatem in Support of Request for Fees and Costs Pursuant to *Code of Civil Procedure* §§ 1032 and 1033.5, the Exhibits related thereto and the hearing of April 12, 2018). The Court FINDS GOOD CAUSE and, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

Judgment on the Cross-Complaint is hereby entered in favor of Cross-Complainant CC HLWD, LLC and against Cross-Defendant Global Protection Group, Inc., in the amount of $6,480,012.11. This figure is calculated as follows: (a) $5,866,775.40 original judgment; + (b) $275,657.14 interest; + (c) $290,000.00 in attorney's fees; and (d) $47,579.57 in costs.

Dated: *April 23*, 2018

LOS ANGELES SUPERIOR COURT

By: /s/ Mary Ann Murphy
HON. MARY ANN MURPHY
JUDGE OF THE SUPERIOR COURT